UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE IRONS, | |
| Plaintiff, | CIVIL ACTION NO. 4:21-cv-01412 |
| v. | (SAPORITO, M.J.) |
| SAYRE VALLEY, LLC, | |
| Defendant, | |
| v. | |
| SEI/AARON'S, INC, et al., | |
| Third-Party Defendants. | |

# MEMORANDUM

This diversity action is before the Court on the motion to dismiss the third-party complaint filed by the third-party defendants, SEI/Aaron's, Inc. and the Aaron's Company, Inc. (collectively "Aaron's"). Doc. 26). The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c). The matter arises out of a fall by the plaintiff, Jamie Irons, upon the premises owned by the defendant, Sayre Valley, LLC and leased to Aaron's during the scope of her employment with Aaron's.

## I. *Statement of Facts*

The plaintiff commenced this action by filing a complaint on August 12, 2021, against the defendant Sayre Valley, alleging that she was injured because of a fall on March 2, 2020, upon the premises owned by Sayre Valley. At the time of the fall, the plaintiff was an employee of Aaron's and was acting within the course and scope of her employment. Thereafter, on January 25, 2022, Sayre Valley filed a third-party complaint against Aaron's seeking indemnity from Aaron's under the terms of a lease agreement between Sayre Valley as landlord and Aaron's as tenant.

Aaron's filed the subject motion to dismiss on the basis that Sayre Valley's claim against it is barred by the Pennsylvania Workers Compensation Act 77 P.S. § 481 and that the terms of the lease agreement only require Aaron's to indemnify Sayre Valley against claims in connection with damage to property arising from the negligence of Aaron's or its employees. Sayre Valley and Aaron's have briefed the motion and it is ripe for disposition. (Doc. 26-4; Doc. 28; Doc. 29).

## II. *Legal Standard*

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski,* 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevy*, 481 F.3d 187, 195 (3d Cir. 2007). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which

the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008).

### *III. Discussion*

Aaron's argues that the Pennsylvania Workers Compensation Act bars Sayre Valley's claim against it because Aaron's has not waived the exclusivity provisions under the Act. In its brief in opposition to the motion, Sayre Valley makes no argument opposing Aaron's assertion that the exclusivity provisions of the Act bar Sayre Valley's claim. (Doc. 28). Aaron's relies upon 77 P.S. § 481(b) in support of their position which is set out as follows:

> In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages,

>contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. § 481(b).

Thus, unless indemnification is expressly provided for by contract, a third party may not seek indemnification from an employer. *Shumosky v. Lutheran Welfare Serv. of Ne. PA, Inc.*, 784 A.2d 196, 203 (Pa. Super. Ct. 2001). "General indemnity language is insufficient to remove the bar to recovery created by the exclusivity provision of the [Act]." *Bethlehem Steel Corp. v. MATX, Inc.,* 703 A.2d 39, 43 (Pa. Super. Ct. 1997) (citing *Bester v. Essex Crane Rental Corp.*, 619 A.2d 304, 307 (Pa. Super. Ct. 1993). "The intent to indemnify against claims by employees of the alleged indemnitor must clearly appear from the terms of the agreement." *Bethlehem Steel*, 703 A.2d at 43.

When interpreting a contract, "the court's paramount goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement." *Halpin v. LaSalle Univ.,* 481, 639 A.2d 37, 39 (Pa. Super. Ct. 1994). "[A] court may not disregard a provision in a contract if a reasonable meaning may be ascertained therefrom." *Marcinak v. Se. Greene Sch. Dist.,* 544 A.2d

5

1025, 1027 (Pa. Super. Ct. 1988). "[I]n construing a contract, each and every part of it must be taken into consideration and given effect, if possible, and the intention of the parties must be ascertained from the entire instrument." *Id.* "[T]he intention of the parties is paramount and the court will adopt an interpretation which under all circumstances ascribes the most reasonable, probable, and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished." *Village Beer & Beverage, Inc. v. Vernon D. Cox, Inc.,* 475 A.2d 117, 121 (Pa. Super. Ct. 1984).

The contract language in which Sayre Valley relies upon in its third-party complaint provides as follows:

> [Aaron's], subject to the provisions of Section 11.04 (if any), agrees to indemnify, save harmless and defend [Sayre Valley] from and against claims, actions and suits in connection with damage to property arising from [Aaron's] use or occupancy of the Premises which is occasioned by the negligence of [Aaron's] or its agents acting within the scope of their employment.

(Doc. 17 ¶9).

In examining the above language, we find it fails to sufficiently express Aaron's intent to assume liability for claims made by its employees. While the clause expresses an intent to indemnify, the scope

6

of the indemnification is limited to claims in connection with *damage to property* arising from Aaron's use of the premises and occasioned by Aaron's negligence and not for claims of bodily injury. Thus, the language of the indemnity provision relied upon by Sayre Valley in the lease agreement fails to remove Aaron's immunity from liability under the Act.

Considering our determination that the Pennsylvania Workers Compensation Act bars Sayre Valley's claim against Aaron's as a matter of law, it is not necessary to address the remaining issue raised by Aaron's. Accordingly, we will grant the motion to dismiss.

An appropriate order follows.

Dated: December 8, 2022                *s/Joseph F. Saporito, Jr.*
                                       JOSEPH F. SAPORITO, JR.
                                       United States Magistrate Judge